## THE VIRGINIA JACKSON.

## THE MICHAEL J. COFFEY.

### (District Court, S. D. New York. May 6, 1904.)

1. COLLISION—TOW AND CROSSING TUG—VIOLATION OF RULES.

A tug on the way from a pier in North river to New Jersey in the evening, with four coal barges in tow on one side, and two on the other, held in fault for a collision between another tug on a crossing course and the starboard barge, on the ground that, having the other tug on her right hand, it was her duty to keep out of the way, whereas she allowed herself to drift with the tide across the other's course. The failure of the other tug to see the lights of the tow, or of the barge to carry proper lights, were neither of them faults contributing to the collision, since it was the duty of such tug to keep her course and speed, which she did until in extremis.

In Admiralty. Suit for collision.

De Forest Bros. and George Holmes, for libellant.

Carpenter, Park & Symmers, for the Virginia Jackson.

James J. Macklin, for the Michael J. Coffey.

ADAMS, District Judge. This action was brought by the Lehigh & Wilkes-Barre Coal Company to recover the damages it sustained on the 19th of December, 1902, about 7 o'clock P. M., by reason of a collision between its coal barge, L. & W. B. No. 39, in tow of the tug Virginia Jackson, proceeding from pier 18 North River to Bayonne, New Jersey, and the tug Michael J. Coffey, proceeding, light, from pier 11 Hoboken, New Jersey, to pier 13 North River, New York side. The Jackson had 6 barges in tow, 4 on the starboard side and 2 on the port side. The No. 39 was the outside boat on the starboard side. The weather was clear and the tide ebb.

When the Jackson, with her tow, reached a point about opposite the foot of Cortlandt Street, New York, several hundred feet out in the river, the Coffey was seen approaching from New Jersey, on the Jackson's starboard hand. Shortly afterwards the collision took place, the Coffey striking the barge a severe blow on the starboard side, about amidships.

Numerous allegations of fault are made by the libellant against both tugs, which it is unnecessary to particularize.

The Jackson claims that the red light only of the Coffey was seen and that she gave no heed to two signals of one whistle each, which the Jackson blew to her, and that instead of keeping her course and passing ahead of the Jackson, the Coffey starboarded her wheel and, keeping on at full speed, struck the barge as stated.

The Coffey alleges that as she was heading for pier 13, New York, she saw the Jackson and tow, but no lights, except the towing lights on

the tug, as the tow was without them and the Jackson's side light not observable, owing to the character of her tow.

The situation was such that it was the duty of the Coffey to keep her course and speed and of the Jackson to avoid her. The testimony shows that the barge had a light aft, on her cabin, and that the side lights of the Jackson were duly displayed. The light of the barge and the tug's green light should have been seen by the Coffey; the latter notwithstanding some cabin projections above the decks of the barges. These projections were too far aft and not high enough to obscure the Jackson's green light. While the failure to see the lights indicated an absence of lookout or some want of care on the Coffey's part, it did not, I conclude, contribute to the collision, because it was the Coffey's duty to keep her course and pass ahead. Those on the Jackson say that if the Coffey had kept her course, she would have passed clear. It is evident that the Jackson was not fulfilling her duty to avoid the Coffey and this failure was the proximate cause of the collision. She was admittedly drifting down the river with the tide and across the Coffey's course. The latter changed her course to port just before the collision. It is barely possible that if she had kept on, she might have cleared by a small margin but it is not probable and the change *in extremis* was not a fault.

The injured boat was not properly lighted, under Rule 11 of the Inland Pilot Rules, in failing to have a light forward, but it appears that such a light would not have had any effect upon the collision and, under the circumstances, the boat was not in fault.

Decree for the libellant against the Jackson with an order of reference. Libel dismissed as to the Coffey.